IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHANNON ODELL MILLER, | ) | |
| Plaintiff, | ) | Civil Case No. 7:21-cv-00390 |
| v. | ) | |
| | ) | |
| COUNSELOR TAYLOR, *et al.*, | ) | By: Elizabeth K. Dillon |
| Defendants. | ) | United States District Judge |

**MEMORANDUM OPINION**

Shannon Odell Miller, a Virginia inmate proceeding *pro se*, filed this action pursuant to

42 U.S.C. § 1983.  It is unclear whether he has named two or three defendants, but the Clerk has

identified only two: "Counselor Taylor, Unit Mgr. Taylor" and "Lt. Nunley, Charge Officer."[1]

Although Miller attaches several dozen pages of documents (mostly grievance-related

documents) to his complaint, the allegations in the complaint itself are fairly brief.  In its

entirety, the complaint alleges:

> I was given a job on 9-23-20 working in the boiler room 12 hours a
> shift and on 12-28-20 I wrote to be ICA'd to another position
> stating "I see why it was hard to keep help there" and I felt asking
> for a different position was better than quitting.
>
> I again wrote to Mr. Taylor asking for a different job because the
> hours working in the boiler room were interfering with my Sabbath
> [illegible] and that I had talked with the supervisors there about
> another assignment because another offender started the boiler
> room.
>
> My third request to Mr. Taylor in which I said that 1-28-21 would
> be my last day because I felt my other request[s] were ignored and
> that I would no longer break Sabbaths and was offered night shift
> and turned it down because it's still the Sabbath.

(Compl. 2, Dkt. No. 1.)  Miller's complaint seeks $5,000 in damages.  (*Id.*)  He separately filed

---

[1] Based on their different positions, the court thinks it likely that Counselor Taylor and Unit Manager
Taylor are two different individuals, but Miller's complaint is unclear on this point.  Miller may clarify in any
amended complaint who exactly he is naming as a defendant.

additional grievance documents (related to his grievance appeals, primarily), but those filings have been docketed as "Additional Evidence," and they do not contain any additional separate allegations.  (Dkt. Nos. 7, 8.)

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Applying these standards to Miller's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1).  His due process claim will be dismissed with prejudice.  The court will allow amendment, however, as to Miller's religion-based claims because it is possible that he could state a claim with additional factual allegations.  Accordingly, the court will dismiss Miller's complaint without prejudice as to those religious-based claims, but the court will grant him leave to amend.

I.   DISCUSSION

**A.  Review of Claims in Complaint**

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted).  Miller's complaint does not list a

specific legal basis for his claims.  As noted above, Miller complains that his prison job was interfering with his obligation to keep the Sabbath, which presumably does not allow him to work on the Sabbath.  He requested a different position, but he was not given one.  He was told he could work nights, but he alleges that would still violate his observance of his Sabbath, which is a 24-hour period.

The court construes his complaint as attempting to assert a violation of his Fourteenth Amendment due process rights and claims of interference with his religious free exercise rights, in violation of the First Amendment and/or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq*.  As discussed below, the court concludes that his complaint fails to assert a due process violation arising from being denied prison employment. As to his assertion that defendants violated his rights under the First Amendment or RLUIPA, the court will dismiss that claim without prejudice, but it will give Miller leave to amend.[2]

### 1.  Procedural Due Process Claim

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law."  *Prieto v. Clarke* , 780 F.3d 245, 248 (4th Cir. 2015).   But prisoners have no liberty or

---

[2] Miller's complaint itself does not even reference Lt. Nunley, let alone explain what actions or omissions were taken by him that plaintiff believes violated his constitutional rights.  But liability under § 1983 is "personal, based upon each defendant's own constitutional violations."  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  Thus, a § 1983 claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  In any amended complaint, Miller should list specifically what each named defendant did that he believes violated his constitutional rights.

Although Nunley's name appears in some of the attached exhibits, Miller does not include any reference to those exhibits or the information in them.  If Miller intends to incorporate any attached exhibits in his amended complaint, he should point to specific pages of specific attached documents.  The fact that he has alleged something in an attached grievance does not automatically include that allegation as part of the complaint itself, especially when the complaint does not refer to it.

property interest in employment while in prison.  *Fletcher v. LeFevers*, No. 7:21CV00231, 2021 WL 2953678, at *2 (W.D. Va. July 14, 2021); *see also Robles v. Sturdinvant*, No. 7:14-cv-00070, 2014 WL 4853409, at * 1 (W.D. Va. Mar. 27, 2014) ("[I]nmates have no independent constitutional right to a prison job and as such, prison officials may generally terminate an inmate from a particular prison job for any reason without offending federal due process principles."); *Patel v. Moron*, 897 F. Supp. 2d 389, 400 (E.D.N.C. 2012) ("[I]nmates do not have a constitutional right to a prison job, and in turn, the deprivation of a prison job states no independent constitutional claim."); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997) (holding that a prisoner did not have a protected interest in continued prison employment).

Because Miller fails to identify a protected liberty or property interest, his allegations fail to state a due process violation as a result of losing his prison job or officials' failure to accommodate his request for a different schedule.[3]  His due process claim will be dismissed.

### 2.  First Amendment and RLUIPA Claims

As to any claim that his religious rights were violated by defendants' failure to accommodate his religious beliefs by modifying his work schedule or giving him a different job, Miller's claims echo one of the plaintiff's claims in *Jehovah v. Clarke*, 798 F.3d 169 (4th Cir. 2015).  Specifically, in *Jehovah*, the district court had dismissed, sua sponte, the plaintiff's claim alleging that his religion required him to abstain from working on certain days and that VDOC denied him jobs that would accommodate that belief and religious practice.  *Id.* at 179.  The

---

[3]  The documents attached to the complaint indicate that Miller received a disciplinary charge and was convicted based on his refusal to report to work.  The complaint itself, however, does not even refer to the disciplinary charge or use the term "due process," let alone allege any violations of his constitutional rights arising from the disciplinary proceedings.  Thus, the court does not construe his complaint as asserting any claim based on any due process violation from the discipline imposed, and the court offers no opinion on any such claim.  If Miller is attempting to claim that he was denied due process during the disciplinary proceedings arising from his alleged refusal to work, he must clearly set forth that claim and support it with allegations in any amended complaint he files.

Fourth Circuit reversed, concluding that the factual allegations set forth by the plaintiff were sufficient to plausibly allege both a First Amendment claim and a claim under RLUIPA. *Id.* at 179–80. As discussed next, while *Jehovah* informs the court's analysis, it is not dispositive here.

Both a First Amendment free-exercise claim and a RLUIPA claim require a showing that the defendant imposed a substantial burden on the plaintiff's religious exercise. *Greenhill v. Clarke*, 944 F.3d 243, 253 (4th Cir. 2019) (setting forth the elements of a claim alleging a violation of the Free Exercise Clause, which requires plaintiff to demonstrate that he holds a "sincere religious belief" and that "a prison practice or policy places a substantial burden on his ability to practice his religion" (quoting *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018)); 42 U.S.C. § 2000cc-1(a) (directing that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that" the burden is "in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that . . . interest").

A substantial burden on religious exercise occurs when a government, through act or omission, "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (quoting *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981)). The plaintiff bears the initial burden of establishing that the government's actions substantially burdened his exercise of religion. *See, e.g.*, *Krieger v. Brown*, 496 F. App'x 322, 324 (4th Cir. 2012); *Adkins v. Kaspar*, 393 F.3d 559, 567 n.32 (5th Cir. 2004); *Civil Liberties for Urban Believers v. Chicago*, 342 F.3d 752, 760 (7th Cir. 2003). In conducting the substantial burden inquiry, the plaintiff "is not required . . . to prove that the exercise at issue is required by or essential to his religion." *Krieger*, 496 F. App'x at 325 (citing *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005)). Nevertheless, "at a minimum

the substantial burden test requires that a . . . plaintiff demonstrate that the government's denial

of a particular religious . . . observance was more than an inconvenience to one's religious

practice."  *Smith v. Allen*, 502 F.3d 1255, 1278 (11th Cir. 2007) (citing *Midrash Sephardi, Inc. v.*

*Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)), *abrogated on other grounds by*

*Sossamon v. Texas*, 563 U.S. 277 (2011).

On the scant facts alleged here, Miller has not plausibly alleged that the denial of a single

job (or change to his schedule for that job) substantially burdened the exercise of his religion.

This case is distinguishable from *Jehovah* in that the allegations by Miller are far less detailed

than the complaint in *Jehovah*.  There,

> [the plaintiff] alleged that his religion requires him to abstain from
> working during the "Old Jewish" and "New Christic" Sabbaths.
> He has pled that his cleaning job would not accommodate his
> Sabbath observances, that his requests for job transfers were
> denied, and that VDOC staff has not approved him for any job for
> which he has applied since December 2011.  He further alleged
> that he will face sanctions and lose the opportunity to accrue good
> conduct allowances and earned sentence credits if he fails to work
> for 30–40 hours per week.

*Id.* at 179.

Here, by contrast, Miller's complaint does not even specify what his religion is or what

day or days are his Sabbath.  Although the attached exhibits (grievances, etc.) indicate that he

pointed to his religion as the reason for not wanting the boiler room job at some point in the

grievance process, his complaint's allegations do not make clear that his initial request for a

different job was in any way tied to his religion,   Instead, his initial request for a transfer simply

stated that he "[saw] why it was hard to keep help" in the boiler room.  Significantly more detail

was present in the complaint in *Jehovah*.

Moreover, and unlike the plaintiff in *Jehovah*, Miller has not alleged that he has applied

for other jobs repeatedly and been denied them.  This is pertinent because if Miller could easily

get another job, without any consequence, then he likely has not alleged a substantial burden on the exercise of his religion.  In short, without factual detail showing how defendants' actions have caused a *substantial* burden on the exercise of his religious rights, he cannot state either a First Amendment or RLUIPA claim.[4]

The court further notes that Miller's complaint seeks damages only and no injunctive relief.  Damages are not available under RLUIPA, however.  *See Sossamon v. Texas*, 563 U.S. 277, 288 (2011) (holding damages are unavailable for official-capacity claims); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (same for individual-capacity claims); *Wall v. Wade*, 741 F.3d 492, 496 n.5 (4th Cir. 2014) ("Congress did not authorize damages claims against state officials under RLUIPA.").  Thus, as to his current complaint, which seeks only monetary damages, he fails to state a RLUIPA claim.

Because Miller's complaint, as currently pled, does not contain adequate factual matter to state a plausible First Amendment or RLUIPA claim, it will be dismissed.  In consideration of Miller's status as a *pro se* litigant, however, the court will give him an opportunity to amend his complaint as to his religious claims, if he wishes to do so, in order to correct the deficiencies noted in this opinion.  If he elects to amend, he shall do so within thirty days after entry of the accompanying order.

## B.  Motion for Discovery

Also pending before the court is a letter motion from Miller.  (Dkt. No. 11.)  In it, he asks the court to "summon all requests" from him to Counselor Taylor from December 2020 through February 2021.   This is effectively a request for discovery in the case, and it is

---

[4]  Some of the attachments to Miller's complaint provide some of this information, but they are not referenced or specifically incorporated into his complaint.  *See supra* note 2.  Thus, the complaint lacks sufficient detail to state a plausible claim.

premature.   Miller may seek discovery from defendants, if they are served, after they have answered or otherwise responded to any amended complaint.

## II.   CONCLUSION

For the foregoing reasons, Miller's complaint will be dismissed with prejudice as to any due process claim arising from defendants' failure to transfer him to another job or schedule.  It will be denied without prejudice as to any claims that his First Amendment or RLUIPA rights were violated, and he will be given thirty days to file an amended complaint setting forth those claims.

Miller's motion for discovery (Dkt. No. 11) will be denied without prejudice as premature.

An appropriate order will be entered.

Entered: October 6, 2021.

*/s/ Elizabeth K. Dillon*
    Elizabeth K. Dillon
    United States District Judge